**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

◻ 0   Valuation of Security     ◻ 0   Assumption of Executory Contract or Unexpired Lease     ◻ 0   Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:                                                                                               Case No.:  _____

Sarah L. Huntley,
                                                                                                       Judge:     _____

                        Debtor(s)

## Chapter 13 Plan and Motions

☒ Original                      ☐ Modified/Notice Required              Date:   2/8/2019_____

☒ Motions Included              ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___KAW___       Initial Debtor: _____SLH_____       Initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

a. The debtor shall pay $ __240.00__ per __month__ to the Chapter 13 Trustee, starting on __March 1, 2019__ for approximately __48__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 4560.00 |
| DOMESTIC SUPPORT OBLIGATION | none | |
| Internal Revenue Service | tax | $2,800.00 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bayview Loan Servicing | Residence-32 Hyacinth Lane, Sicklerville | $2,782.76 | n/a | $2,782.76 | $692.94 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|   |   |   |   |   |   |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|   |   |   |   |   |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Advantage Auto- current- payments direct outside plan to creditor

**g. Secured Claims to be Paid in Full Through the Plan**: ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| CCMUA<br>Winslow Township | residence<br>residence | 100.00<br>10.00 |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than  zero_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☐ NONE**

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Millenium Surgical Center | residence | judicial | $12,102.16 | $101,000.00 | n/a | $104,224.26 | Entire Lien |

    **b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

    **c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:  Other Plan Provisions

    **a. Vesting of Property of the Estate**

        ☒  Upon confirmation

        ☐  Upon discharge

    **b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Law Office of Kimberly A. Wilson, LLC;
3) Secured Claims,
4) Priority & Unsecured, if any.

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:    Modification ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
|  |  |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

### Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 2/08/2019  /S/Sarah L. Huntley
Debtor

Date: _____  /S/
Joint Debtor

Date: 2/08/2019  /S/ Kimberly A. Wilson
Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 19-12685-JNP
Sarah L. Huntley                                                        Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin              Page 1 of 2           Date Rcvd: Feb 14, 2019
                              Form ID: pdf901          Total Noticed: 32

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 16, 2019.
```
db             +Sarah L. Huntley,    32 Hyacinth Lane,    Sicklerville, NJ 08081-2525
518018346       Advantage Au,    Rte 130 & Klemm Av,    Gloucester City, NJ 08030
518018347       American Coradius International LLC,    2420 Sweet Home Rd Ste 150,    Buffalo, NY 14228-2244
518018348      +Barclays Bank Delaware,    Attn: Correspondence,    Po Box 8801,    Wilmington, DE 19899-8801
518018351       CCMUA,    PO Box 1105,    Bellmawr, NJ 08099-5105
518018353      +Central Credit Services LLC,    9550 Regency Square Blvd,    Suite 500,
                 Jacksonville, FL 32225-8169
518018356      +Convergent Outsourcing, Inc.,    Attn: Bankruptcy,    Po Box 9004,    Renton, WA 98057-9004
518018357      +First Premier Bank,    Attn: Bankruptcy,    Po Box 5524,    Sioux Falls, SD 57117-5524
518018359      +Internal Revenue Service,    United States Attorney,    Peter Rodino Federal Building,
                 970 Broad Street, Suite 700,    Newark, NJ 07102-2527
518018361      +Lead Bank,    200 N 3rd St,    Garden City, MO 64747-8163
518018362      +Lee S. Dennison PC,    231 High Street,    Mount Holly, NJ 08060-1450
518018364       Millenium Sugical Center,    2900 Springdale Rd,    Cherry Hill, NJ 08003
518018365       Northstar Location Services LLC,    4285 Genesee Street,    Buffalo, NY 14225-1943
518018367      +Remex Inc,    Attn: Bankruptcy,    307 Wall St.,    Princeton, NJ 08540-1515
518018368      +Safehome Security,    Attn: Bankruptcy,    1125 Middle St,    Middletown, CT 06457-1686
518018371      +U.S. Department of Education,    Ecmc/Bankruptcy,    Po Box 16408,    Saint Paul, MN 55116-0408
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Feb 15 2019 00:14:32     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 15 2019 00:14:29     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
518018345      +E-mail/Text: maria.dennis@gotoclc.com Feb 15 2019 00:15:14     Accelerated Financial,
                 25 Woods Lake Rd Ste 507,    Greenville, SC 29607-2767
518018349      +E-mail/Text: bkmailbayview@bayviewloanservicing.com Feb 15 2019 00:15:02
                 Bayview Loan Servicing LLC,    Customer Service Department,    4425 Ponce De Leon Blvd 6th FL,
                 Coral Gables, FL 33146-1837
518018352      +E-mail/Text: clientrep@capitalcollects.com Feb 15 2019 00:15:42     CCS,   Attn: Bankruptcy,
                 Po Box 150,    West Berlin, NJ 08091-0150
518018350      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Feb 15 2019 00:18:07     Capital One,
                 Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
518018354      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Feb 15 2019 00:14:12
                 Comenity Bank/Victoria Secret,    Attn: Bankruptcy Dept,    Po Box 182125,
                 Columbus, OH 43218-2125
518018355      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Feb 15 2019 00:14:12     Comenitybank/New York,
                 Attn: Bankruptcy Dept,    Po Box 182125,    Columbus, OH 43218-2125
518018358       E-mail/Text: cio.bncmail@irs.gov Feb 15 2019 00:13:45     Internal Revenue Service,
                 Bankruptcy Dept,    PO Box 7346,    Philadelphia, PA 19101-7346
518018360       E-mail/Text: JCAP_BNC_Notices@jcap.com Feb 15 2019 00:14:46     Jefferson Capital Systems, LLC,
                 Po Box 1999,    Saint Cloud, MN 56302
518018363      +E-mail/Text: bankruptcydpt@mcmcg.com Feb 15 2019 00:14:29     Midland Funding,
                 2365 Northside Dr Ste 300,    San Diego, CA 92108-2709
518018366      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 15 2019 00:28:57
                 Portfolio Recovery,    Po Box 41021,    Norfolk, VA 23541-1021
518018369      +E-mail/PDF: gecsedi@recoverycorp.com Feb 15 2019 00:16:42     SYNCB/PayPal Smart Conn,
                 Po Box 9650005,    Orlando, FL 32896-0001
518020319      +E-mail/PDF: gecsedi@recoverycorp.com Feb 15 2019 00:17:56     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
518018370      +E-mail/PDF: gecsedi@recoverycorp.com Feb 15 2019 00:17:17     Synchrony Bank/ JC Penneys,
                 Attn: Bankruptcy Dept,    Po Box 965060,    Orlando, FL 32896-5060
518018372      +E-mail/Text: chegyi@winslowtownship.com Feb 15 2019 00:14:31     Winslow Township,
                 125 South Route 73,    Hammonton, NJ 08037-9422
                                                                                              TOTAL: 16
```

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-1           User: admin              Page 2 of 2                  Date Rcvd: Feb 14, 2019
                               Form ID: pdf901          Total Noticed: 32
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 16, 2019                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 14, 2019 at the address(es) listed below:
              Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Kimberly A. Wilson    on behalf of Debtor Sarah L. Huntley wilson.schroedinger@comcast.net,
               courtdocs_kwlaw@comcast.net
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                         TOTAL: 3
```